# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| DORENE DISANTO; KAREN LAWSON; MARGARET CARTWRIGHT; STATE OF OHIO; and MIKE DEWINE, | * * * * | |
| Plaintiffs, | * | CIVIL ACTION NO.: 5:15-cv-36 |
| v. | * * | |
| THOMAS L. THOMAS, | * * | |
| Defendant. | * | |

## ORDER

Presently before the Court is Defendant Thomas L. Thomas' Motion for Relief from Judgment and his Motion for Leave to Appeal *in Forma Pauperis*. Dkt. Nos. 43, 45. Additionally, Plaintiffs Karen Lawson and Margaret Cartwright filed a Motion to Strike Defendant's Notice of Appeal. Dkt. No. 49. For the reasons set forth below, the Court **DENIES** Defendant Thomas' Motion for Relief and Motion for to Leave to Appeal *in Forma Pauperis* and **DISMISSES** Plaintiffs' Motion to Strike.

As the Court has already informed Defendant, this Court has remanded this cause of action to the Lake County, Ohio, court, and has entered a judgment closing this case. Dkt. No. 42, p. 2. Defendant provides no reason for the Court to reconsider or

review its Orders, and, moreover, this Court lacks jurisdiction to do so. Id. at pp. 2-3. For these reasons and for those previously stated, the Court **DENIES** Defendant's Motion for Relief from Judgment, and this case remains closed.

Further, Defendant cannot proceed on appeal in forma pauperis if this Court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Whitted v. Roberts, Case No. 06-CV-776-KDB, 2010 WL 2025391, at *1 (S.D. Ala. Apr. 27, 2010). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). Or, stated another way, an in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir.2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being

convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted).

For the reasons set forth in the Court's previous Orders in this case, any argument Defendant seeks to raise on appeal is without merit. Additionally, pursuant to 28 U.S.C. § 1447(d), Defendant cannot appeal this Court's remand Order. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995) (where district court remands case based on lack of subject matter jurisdiction "a court of appeals lacks jurisdiction to entertain an appeal of the remand under § 1447(d)"). Consequently, the Court **DENIES** Defendant's Motion for Leave to Appeal *in Forma Pauperis* because his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

In their Motion to Strike, Plaintiffs Lawson and Cartwright ask the Court to strike Defendant's Notice of Appeal because the Court of Appeals lacks jurisdiction to hear the appeal under Section 1447(d). However, as a general rule, once a party files a notice of appeal, this Court loses authority to make decisions regarding the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)("[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of the case involved in the appeal."); see also Ramara, Inc. v. Westfield Ins. Co., 814 F.3d

660, 672 (3d Cir. 2016) (questioning district court's authority to rule on motion to strike notice of appeal). Therefore, the Court **DISMISSES** Plaintiff Lawson and Cartwright's Motion to Strike for want of jurisdiction.

**SO ORDERED**, this 17 day of May, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA